| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Mohammad Anwer Ali, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-08-1240 |
| Michael J. Astrue, | § § § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Mohammad Anwer Ali is not disabled under the terms of the Social Security Act. It does.

Ali brought this action for judicial review of the commissioner's final decision denying his claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(2)(A).

4.  *History.*

On April 7, 2005, Ali applied for disability benefits, complaining that he cannot work at his family's convenience store because his back is hurt, he has kidney stones, and his right hip is broken. The agency denied his application, and Ali requested a hearing.

In July of 2007, the hearing officer found that Ali was not disabled because he could work a sedentary job. Ali appealed but was denied, making the decision of the hearing officer final for the commissioner. Ali now seeks a judicial review of the commission's decision.

5.  *Evidence.*

The hearing officer will find a claimant is disabled if he is not currently working, has a medical or physical impairment, that impairment persists for more than twelve months, he cannot work his previous job, and his age and skills are not suited for other jobs. 20 C.F.R. § 404.1520(a)(4).

At the hearing, the appointed doctor, Henry Hamilton, testified about Ali's medical records from Doctors Sharon Davis and Shiraz Younas. Dr. Davis found that Ali had an intellectual quotient that was above the level of mental retardation. Dr. Younas, Ali's treating physician, concluded that even though Ali had bilateral femurs and fractures, he could walk well with crutches. Ali walked without the assistance of a cane at later medical examinations. Hamilton concluded that Ali could work a sedentary job that would not require lifting more than ten pounds. Hamilton testified that it seemed like Ali had trouble stooping but found that his condition was temporary, not to persist for more than a year.

The hearing officer also considered the findings of Wallace Stanfill, a vocational technician. Stanfill testified that Ali could work a sedentary, unskilled job like a final assembler, sorter or jewelry preparer. Stanfill found that enough of those jobs exist in Houston and the country.

Ali and his brother, Mohammed Akhter Ali, testified about where Ali worked before applying for disability. Ali said he only worked at a convenience store yet his brother testified that Ali delivered cellular phones for him. Because their account of Ali's job was inconsistent, the hearing officer found them to not be credible.

The hearing officer properly concluded with substantial evidence that Ali's injuries to his femurs, spine, and kidney did not impair him for more than twelve months. His diabetes also did not disable him. Ali's medical records of 2006 and 2007, showed that he walked slowly but did not use an assistive device. He had no limitations in his hip and was not taking pain medications in 2007. The hearing officer found that Ali could meet the demands of sedentary work because he can sit for six hours, walk for two hours, and lift up to ten pounds.

6. *Conclusion.*

The commissioner's denial of Ali's claim for disability insurance benefits is supported by substantial evidence and will be affirmed.


Signed on November 17, 2008, at Houston, Texas.


Lynn N. Hughes  USDJ
United States District Judge